IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN ELECTRONICS COMPANY, LTD.<br><br>Plaintiff,<br><br>v.<br><br>OSRAM GMBH and<br>OSRAM OPTO SEMICONDUCTORS GMBH,<br><br>Defendants. | Civil Action No. 1:05-cv-01560-ESH |

## OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH'S MOTION TO DISMISS

Defendants OSRAM GmbH and OSRAM Opto Semiconductors GmbH (collectively "OSRAM") hereby move dismiss this action. This Motion is supported by OSRAM's Memorandum In Support of OSRAM GmbH And OSRAM Opto Semiconductors GmbH'S Motion To Dismiss, the Declaration of Charles H. Sanders in Support of OSRAM's Motion to Dismiss and exhibits thereto, and may be supported by oral argument if so ordered by the Court.

Dated: October 24, 2005

FISH & RICHARDSON P.C.

By: _____
Christian A. Chu (Bar No. 483948)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Alan D. Smith
Charles Sanders
Fish & Richardson P.C.
225 Franklin St.
Boston, MA 02110
(617) 542-5070

Attorneys for Defendants
**OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN ELECTRONICS COMPANY, LTD., <br> 1-21-1 Kamikurechi <br> Fujiyoshida-shi <br> Yamanashi-ken 403-0001, <br> Japan <br><br> Plaintiff, <br><br> v. <br><br> OSRAM GMBH <br> Hellabrunner Strasse 1 <br> 81543 Munich <br> Germany <br><br> and <br><br> OSRAM OPTO SEMICONDUCTORS GMBH <br> Wernerwekstrasse 2 <br> 93049 Regensberg <br> Germany <br> Defendants. | Civil Action No. 1:05-cv-01560-ESH |

## MEMORANDUM IN SUPPORT OF OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................1

II.  STATEMENT OF THE FACTS .....................................................................................3

III. LEGAL STANDARDS ...................................................................................................5

    A.   *Res Judicata* Applies To Dismissal For Lack Of Jurisdiction
And A Jurisdictional Defect Can Only Be Cured By
Occurrences Subsequent To The Original Dismissal ...........................................5

    B.   A Declaratory Judgment Plaintiff Cannot Provoke A
Reasonable Apprehension Of Suit .........................................................................7

    C.   The Declaratory Judgment Plaintiff Has The Burden To Prove
An Actual Controversy ...........................................................................................7

    D.   Even If A Declaratory Judgment Plaintiff Proves An Actual
Controversy, Courts Have Unique And Substantial Discretion
To Decline to Exercise Jurisdiction .......................................................................8

IV.  SUMMARY OF THE ARGUMENT ..............................................................................9

V.   ARGUMENT ..................................................................................................................10

    A.   *Res Judicata* Applies And Citizen Does Not Qualify For the
"Curable Defect" Exception .................................................................................10

    B.   Citizen Cannot Rely On The Response It Provoked From
OSRAM, A Non-Threatening Patentee, To Support Jurisdiction .....................11

    C.   Even If Jurisdiction Could Exist On The Facts Here, Declining
Jurisdiction Would Be Consistent With The Purpose Of The
Declaratory Judgment Act And Discourage Baseless Suits ..............................12

VI.  CONCLUSION ...............................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*American Sur. Co. v. Baldwin*,
287 U.S. 156, 166 (1932) .................................................................................................... 5

***** *Citizen Electronics Co., Ltd. v. OSRAM GmbH and OSRAM Opto Semiconductors GmbH*,
377 F. Supp. 2d 149 (D.D.C. July 14, 2005) ............................................................ *passim*

***** *Dozier v. Ford Motor Co.*,
702 F.2d 1189 (D.C. Cir. 1983) ........................................................................ 5, 6, 7, 10, 11

*EMC Corp. v. Norand Corp.*,
89 F.3d 807 (Fed. Cir. 1996) ..................................................................................... 8, 12, 13

*Epic Metals Corp. v. H.H. Robertson Co.*,
870 F.2d 1574 (Fed. Cir. 1989) ............................................................................................ 5

*GAF Corp. v. U.S.*,
818 F.2d 901 (D.C. Cir. 1987) ........................................................................................ 5, 10

*Hartley v. Mentor Corp.*,
869 F.2d 1469 (Fed. Cir. 1989) ............................................................................................ 5

*Indium Corp. of Am. v. Semi-Alloys, Inc.*,
781 F.2d 879 (Fed. Cir. 1985) .................................................................................... 7, 8, 10

*Mutual Pharm. Co. v. Pfizer Inc.*,
307 F. Supp. 2d 88 (D.D.C. 2004) ....................................................................................... 8

*Newdow v. Bush*,
No. Civ.A. 04-2208 (JDB), 2005 WL 2234110 (D.D.C. Sept. 14, 2005) ................. 6, 10, 11

*Shell Oil Co. v. Amoco Corp.*,
970 F.2d 885 (Fed. Cir. 1992) .................................................................................... 7, 12, 13

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) .............................................................................................................. 8

**Statutes**

28 U.S.C. § 2201 ................................................................................................................... 8

      OSRAM GmbH and OSRAM Opto Semiconductors GmbH (collectively "OSRAM") hereby move to dismiss Citizen Electronics Company, Ltd.'s ("Citizen's") complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. This Motion is supported by this memorandum, the Declaration of Charles H. Sanders in support of this Motion, and may be supported by oral argument.

## I.  INTRODUCTION

      This case should be dismissed for lack of subject matter jurisdiction. This case is simply a repeat of Citizen's original declaratory judgment suit against OSRAM, which this Court dismissed for lack of subject matter jurisdiction. *See Citizen Electronics Co., Ltd. v. OSRAM GmbH and OSRAM Opto Semiconductors GmbH*, 377 F. Supp. 2d 149 (D.D.C. July 14, 2005) (Document #14 in Civil Action No. 1:05-cv-0112-ESH). The facts have not changed, and dismissal is warranted again here.

      Citizen originally filed suit on January 18, 2005, seeking a declaratory judgment that its white light emitting diodes ("LEDs") do not infringe OSRAM's patents or that the patents are invalid. *See id.* at 150-151. OSRAM moved to dismiss for lack of subject matter jurisdiction because Citizen could not show that it had an objectively reasonable apprehension that it would face an imminent patent infringement suit by OSRAM. *See id.* at 156-57. This Court granted the motion. *See id.* at 157. At first, this Court dismissed the suit with prejudice, but, at Citizen's request, this Court subsequently amended the dismissal to be without prejudice. Citizen filed the current action a few days after this Court amended the dismissal.

      Nothing has changed since this Court's dismissal, and Citizen is precluded from re-litigating jurisdiction now. *Res judicata* applies to dismissals for lack of jurisdiction. Citizen did not appeal this Court's dismissal of its original suit, and the time for appeal has long since

expired, so this Court's dismissal has *res judicata* effect. While there is an exception to the *res judicata* effect of a dismissal for lack of jurisdiction, this exception requires that the jurisdictional defect be cured by occurrences subsequent to the original dismissal. However, Citizen alleges ***no occurrences whatsoever subsequent to the original dismissal*** in trying to establish jurisdiction again here. Indeed, Citizen simply re-filed a new complaint just days after the amended order of dismissal. Since Citizen fails to meet the exception, *res judicata* precludes Citizen from re-litigating subject matter jurisdiction in this action.

Based on Citizen's complaint, OSRAM believes that Citizen will likely point to OSRAM's suit against Citizen in Germany and its press release about that suit to try to support jurisdiction. Both these events occurred well before the dismissal of the original suit and therefore cannot cure the defect in jurisdiction that existed in the original suit. The relevant facts have not changed at all since the dismissal, and this Court already granted dismissal based on those facts.

Furthermore, Citizen's expected reliance on OSRAM's German suit amounts to an exercise in circular reasoning. Citizen did not have a reasonable apprehension of suit at the time it originally filed suit, *see* 377 F. Supp. 2d at 155-57, and this surprise suit provoked OSRAM to respond by suing Citizen in Germany. This Court explained that, since OSRAM's German suit was filed after Citizen's original suit, it could not have been the basis for Citizen's having a reasonable apprehension of suit at the time Citizen originally filed suit. *See id.* at 155 n.7. Now it appears Citizen will rely on the new date of its current complaint to argue that, since this date comes after OSRAM's German suit, that suit now supports Citizen's having a reasonable apprehension of suit. This is circular. Citizen provoked a fight with OSRAM when it had no

reason to fear imminent suit by OSRAM, and Citizen now wants to use the response it provoked to supply the reasonable apprehension of suit which it did not have in the first place.

Citizen's circular argument flies in the face of logic and law. If Citizen could provoke a fight and then rely on the response – here a response in a foreign country – to supply the jurisdictional basis properly required to start the fight in the first place, that would penalize OSRAM for responding to Citizen's baseless provocation. The jurisdictional requirement of reasonable apprehension of imminent suit would have little meaning if a party lacking such apprehension could simply instigate a fight until it received a response, and then rely on that response to supply the jurisdictional basis that was missing in the first place. The law recognizes that a declaratory judgment plaintiff cannot provoke jurisdiction by instigating the fight.

This Court should dismiss this suit for lack of subject matter jurisdiction, but, even assuming *arguendo* that Citizen could somehow establish jurisdiction, there is unique, broad discretion in this area of law to decline to exercise jurisdiction. Exercising that broad discretion to decline jurisdiction here would be particularly appropriate to avoid opening Pandora's box. If this Court were to accept jurisdiction, potential infringers would be encouraged to file declaratory judgment suits, even when they had no basis for jurisdiction, in hope of provoking a response that they could use to support jurisdiction. This would encourage baseless litigation against non-threatening patentees and would not serve the purpose of the Declaratory Judgment Act, which is to protect truly threatened parties.

II. **STATEMENT OF THE FACTS**

On January 18, 2005, Citizen filed its original declaratory judgment suit against OSRAM, alleging that seven of OSRAM's patents were not infringed by Citizen's white LEDs or were invalid. *See* 377 F. Supp. 2d at 150-51. In response, OSRAM subsequently sued Citizen in

3

Germany and issued a press release about this suit on May 2, 2005. Citizen cited OSRAM's German suit in trying to support a reasonable apprehension of imminent suit, but the Court rejected Citizen's argument. *See id.* at 155 n.7. The Court dismissed the case for lack of subject matter jurisdiction. *See id.* At Citizen's request, the Court amended the dismissal to be without prejudice on July 29, 2005. (*See* Ex. 1 (Document #17 in Civil Action No. 1:05-cv-0112-ESH).[1]) Citizen did not appeal the dismissal. (Sanders Decl. ¶ 3.)

Citizen filed its current declaratory judgment action on August 2, 2005. (*See* Ex. 2.) Citizen's current complaint involves six of the seven OSRAM patents which Citizen included in its original complaint. (*See id.* ¶¶ 4, 22.) In alleging facts to support jurisdiction, Citizen's complaint does not allege any occurrence subsequent to the dismissal of its original suit. (*See id.* ¶¶ 14-28.)

At the time Citizen filed its current declaratory judgment action, it still had not been served with OSRAM's German complaint, which was being served in accordance with the Hague Convention. Citizen asked OSRAM to waive service of its U.S. complaint, and OSRAM counter proposed that both parties waive service of their respective complaints under the Hague Convention. Citizen rejected this proposal. (*See* Ex. 3.)

After filing the current suit, Citizen asked if OSRAM would be willing to talk about settlement, OSRAM stated it would be willing to do so, and the parties filed a stipulation to put litigation on hold for a month. (*See* Ex. 4.) Citizen did not meet with OSRAM to engage in any substantive licensing discussions, (Sanders Decl. ¶ 7), and OSRAM now moves to dismiss for lack of subject matter jurisdiction because nothing has changed since the original dismissal for lack of subject matter jurisdiction.

---

[1] "Ex. _" refers to Ex. _ to the Declaration of Charles H. Sanders in Support of OSRAM's Motion to Dismiss (hereinafter "Sanders Decl.").

4

### III. **LEGAL STANDARDS**

    A.    *Res Judicata* **Applies To Dismissal For Lack Of Jurisdiction And A Jurisdictional Defect Can Only Be Cured By Occurrences Subsequent To The Original Dismissal**

The Court of Appeals for the District of Columbia has made clear that "the doctrine of *res judicata* applies to dismissal for lack of jurisdiction as well as for other grounds." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983); *GAF Corp. v. U.S.*, 818 F.2d 901, 912 (D.C. Cir. 1987).[2] A dismissal on jurisdictional grounds has preclusive effect with regard to the jurisdictional issue that led to the original dismissal:

> Although the Second Circuit never reached the merits of Keene's claims against the United States, it did affirm dismissal of the case on jurisdictional grounds. This judgment has preclusive effect, for "[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues." …
>
> … **The judgment ordering dismissal, will, however, have preclusive effect as to matters actually adjudicated; it will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal.**

*GAF*, 818 F.2d at 912 (quoting *American Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932)) (second emphasis added).

There is an exception to the *res judicata* effect of jurisdictional dismissals called the "curable defect" exception. *See GAF*, 818 F.2d at 912-13; *Dozier*, 702 F.2d at 1192. The "curable defect" exception applies where the jurisdictional defect that led to the original dismissal is cured by events subsequent to the original dismissal. *See GAF*, 818 F.2d at 912-913; *Dozier*, 702 F.2d at 1192. This Circuit has made it very clear that only *occurrences subsequent to the original dismissal* can cure the jurisdictional defect:

---

[2] Regional circuit law applies to principles of *res judicata* in patent cases. *See Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576 (Fed. Cir. 1989) ("In applying the doctrine of res judicata in this case, we must look to Third Circuit law …."); *Hartley v. Mentor Corp.*, 869 F.2d 1469, 1471 n.1 (Fed. Cir. 1989) ("The application of principles of res judicata and collateral estoppel is not a matter committed to the exclusive jurisdiction of this court.") (applying Ninth Circuit law).

5

> The "curable defect" exception applies where a "precondition requisite" to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit …. What all these cases have in common is that the jurisdictional deficiency could be remedied by *occurrences subsequent to the original dismissal.*

*Dozier*, 702 F.2d at 1192 (original emphasis); *see also id.* at 1193 n.4 ("proper application of *res judicata* should require some demonstration that the plaintiff is relying upon a new fact or occurrence, not merely relying upon those that existed at the time of the first dismissal"); *Newdow v. Bush*, No. Civ.A. 04-2208 (JDB), 2005 WL 2234110 at *2 (D.D.C. Sept. 14, 2005) ("the jurisdictional deficiency from the prior litigation must be 'remedied by *occurrences subsequent to the original dismissal.*'") (original emphasis, quoting *Dozier*).

Where there is no new occurrence subsequent to the original dismissal which cures the jurisdictional defect, the *res judicata* effect of the original dismissal bars re-litigation of the jurisdictional issue. *See Dozier*, 702 F.2d at 1191-94 (affirming dismissal based on the *res judicata* effect of prior dismissal on jurisdictional grounds because there was no new occurrence); *Newdow*, 2005 WL 2234110 at *2-4 (dismissing based on the *res judicata* effect of prior dismissal on jurisdictional grounds because there was no new occurrence). This Circuit has specifically rejected the notion that a mere revision in pleadings, with no new occurrence after dismissal, can cure a jurisdictional defect. *See Dozier*, 702 F.2d at 1193 n.7 ("the defect must be *shown to have been cured **by a new occurrence**,* rather than through a revision in pleadings with no post-dismissal change in the underlying facts.") (second emphasis added).

The fact that a dismissal is without prejudice does not alter the *res judicata* effect of the dismissal. *See id.* at 1194. Dismissal without prejudice merely means that the plaintiff is not barred from having its claim heard on the merits, but the dismissal is with prejudice with respect to the jurisdictional issue that was actually litigated:

6

The second factor peculiar to the present case is that the Fourth Circuit judgment was expressly entered "without prejudice." The usual meaning of this phrase, however, is "without prejudice as to the substantive cause of action ... **[but] with prejudice on the issue ... 'which was litigated in the prior action.'**"

*Id.* (emphasis added).

### B. A Declaratory Judgment Plaintiff Cannot Provoke A Reasonable Apprehension Of Suit

"The Declaratory Judgment Act was intended to protect threatened parties, not to drag a non-threatening patentee into court." *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 889 (Fed. Cir. 1992).[3] The declaratory judgment plaintiff cannot provoke threatening action by the patentee and then use that provoked response to support jurisdiction. *See id.* In *Shell Oil*, the declaratory judgment plaintiff Shell provoked a threat by the patentee Amoco, but the Federal Circuit held that there was no actual controversy, explaining, "[I]f Shell had never approached Amoco, Amoco might never have considered any action against Shell. That was Amoco's right, either not to sue or not be provoked into suit by another party's initiated discussions." *Id.* Of course, just because the declaratory judgment plaintiff approaches the patentee first does not mean that it can never establish an actual controversy, but the Federal Circuit has refused to find jurisdiction where the declaratory judgment plaintiff tries to base jurisdiction on the patentee's response to the declaratory judgment plaintiff's own provocation. *See id.*

### C. The Declaratory Judgment Plaintiff Has The Burden To Prove An Actual Controversy

The burden is squarely on the declaratory judgment plaintiff to establish the existence of an actual controversy. *See Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985) ("The declaratory judgment plaintiff carries the burden of proving 'the existence of

---

[3] Federal Circuit law, not regional circuit law, applies to whether there is a reasonable apprehension of suit sufficient to support subject matter jurisdiction. *See Shell Oil*, 970 F.2d at 888 n.4.

7

facts underlying' his allegations of the existence of an actual controversy.") (affirming a finding of no jurisdiction). The declaratory judgment plaintiff's allegations should be closely scrutinized. *See Mutual Pharm. Co. v. Pfizer Inc.*, 307 F. Supp. 2d 88, 92 (D.D.C. 2004) ("Because subject-matter jurisdiction focuses on the court's power to hear the claim, … the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim."). In addition, in deciding a Rule 12(b)(1) motion a court may consider materials outside the pleadings to assess whether the declaratory judgment plaintiff has met its burden. *See Indium*, 781 F.2d at 884; *Mutual Pharm.*, 307 F.Supp.2d at 92.

### D. Even If A Declaratory Judgment Plaintiff Proves An Actual Controversy, Courts Have Unique And Substantial Discretion To Decline to Exercise Jurisdiction

The declaratory judgment act merely states that a court "may" offer declaratory relief if there is an "actual controversy." 28 U.S.C. § 2201. District courts have a unique breadth of discretion – not found in other areas of law – to decline to exercise jurisdiction:

> Simply because there is an actual controversy between the parties does not mean that the district court is required to exercise that jurisdiction. … The Supreme Court recently reaffirmed that the Declaratory Judgment Act thereby accords district courts a **"unique breadth of ... discretion** to decline to enter a declaratory judgment." The Court noted that the Declaratory Judgment Act is "an enabling Act" that confers on district courts **"unique and substantial discretion** in deciding whether to declare the rights of litigants." … In expounding on the **"unique breadth"** of the district court's discretion, the Court explained that "[t]he statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface."

*EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed. Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)) (affirming a district court's decision not to exercise jurisdiction) (emphasis added). Thus, even if jurisdiction could be found in a declaratory

8

judgment suit, a district court has very wide latitude in deciding whether to decline to exercise jurisdiction.

## IV. SUMMARY OF THE ARGUMENT

*Res judicata* bars Citizen from re-litigating subject matter jurisdiction in this action. Citizen cannot qualify for the "curable defect" exception. Citizen has alleged ***no occurrence whatsoever subsequent to the dismissal of its original suit*** as a basis for jurisdiction, and it is Citizen's burden to prove the existence of such occurrences to qualify for the exception. On this basis alone, Citizen's current suit should be dismissed.

In any event, the facts simply have not changed since this Court's dismissal of Citizen's original suit, and therefore this Court should dismiss the current suit for the same reasons it dismissed the original suit. While Citizen may point to OSRAM's suit against Citizen in Germany and OSRAM's press release about that suit to try to support jurisdiction, both these events occurred well before the dismissal of the original suit. In addition, OSRAM's suit against Citizen in Germany was provoked by Citizen's surprise filing of its original suit against OSRAM in the United States. Citizen cannot now base jurisdiction on the response it provoked by suing OSRAM when Citizen had no basis for jurisdiction. This amounts to circular reasoning, and the law recognizes that Citizen cannot obtain jurisdiction by provoking threatening action.

Even assuming *arguendo* that Citizen could somehow establish jurisdiction, this Court should exercise its broad discretion to decline to exercise jurisdiction. If this Court were to accept jurisdiction, potential infringers would be encouraged to file declaratory judgment suits, even when they had no basis for jurisdiction, in hope of provoking a response that they could use to support jurisdiction. This would encourage baseless litigation and invite litigation against non-threatening patentees. It would make a farce of the real purpose of the Declaratory

Judgment Act, which is to protect truly threatened parties, not reward those who instigate a fight with non-threatening patentees.

V.   **ARGUMENT**

   A.   *Res Judicata* **Applies And Citizen Does Not Qualify For the "Curable Defect" Exception**

*Res judicata* applies to the dismissal of Citizen's original suit for lack of jurisdiction. *See Dozier*, 702 F.2d at 1191 ("the doctrine of *res judicata* applies to dismissal for lack of jurisdiction"); *GAF*, 818 F.2d at 912 ("[t]he principles of *res judicata* apply to questions of jurisdiction") (internal quotation marks omitted). Since this Court dismissed Citizen's original suit for lack of subject matter jurisdiction, *see* 377 F. Supp. 2d at 157, this Court's dismissal has preclusive effect on this jurisdictional issue. *See GAF*, 818 F.2d at 912 ("The judgment ordering dismissal, will, however, have preclusive effect as to matters actually adjudicated ...."). The fact that this dismissal was without prejudice, (Ex. 1), does not affect the *res judicata* effect of the dismissal on this jurisdictional issue. *See Dozier*, 702 F.2d at 1194 (a dismissal without prejudice is still "with prejudice on the issue ... 'which was litigated in the prior action.'"). Citizen is precluded from re-litigating subject matter jurisdiction again now. *See GAF*, 818 F.2d at 912 (the dismissal will "preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal").

Citizen cannot avoid the preclusive effect of the dismissal on the facts here. The "curable defect" exception only applies where the jurisdictional defect is "remedied by *occurrences subsequent to the original dismissal.*" *Dozier*, 702 F.2d at 1192 (original emphasis); *Newdow*, 2005 WL 2234110 at *2 (quoting *Dozier*). Therefore, Citizen has the burden to establish occurrences subsequent to the original dismissal to try to qualify for this exception. *See Indium*, 781 F.2d at 883. Citizen has pointed to no occurrences subsequent to the original dismissal

10

whatsoever. (Ex. 2 ¶¶ 14-28.) Indeed, the facts have not changed at all since this Court's original dismissal. The occurrences that Citizen emphasizes, OSRAM's German lawsuit and its May 2, 2005 press release about it, both occurred well before the original dismissal on July 14, 2005.[4] *See* 377 F. Supp. 2d at 157. This Circuit has made clear that, to avoid *res judicata*, a plaintiff cannot merely rely on those facts that existed at the time of the first dismissal. *See Dozier*, 702 F.2d at 1193 n.4 ("proper application of *res judicata* should require some demonstration that the plaintiff is relying upon a new fact or occurrence, not merely relying upon those that existed at the time of the first dismissal").

Citizen's current suit should be dismissed as barred by *res judicata*. *See Dozier*, 702 F.2d at 1191-94 (affirming dismissal based on the *res judicata* effect of prior dismissal on jurisdictional grounds because there was no new occurrence); *Newdow*, 2005 WL 2234110 at *2-4 (dismissing based on the *res judicata* effect of prior dismissal on jurisdictional grounds because there was no new occurrence). Citizen's complaint amounts to a mere revision in pleading – nothing new has occurred since the prior dismissal – and that cannot cure the jurisdictional defect. *See Dozier*, 702 F.2d at 1193 n.7 ("the defect must be *shown to have been cured **by a new occurrence***, rather than through a revision in pleadings with no post-dismissal change in the underlying facts.") (second emphasis added).

### B. Citizen Cannot Rely On The Response It Provoked From OSRAM, A Non-Threatening Patentee, To Support Jurisdiction

At the time that Citizen provoked a fight by filing its original surprise suit against OSRAM, OSRAM had done nothing to give Citizen a reasonable apprehension of suit. *See* 377 F. Supp. 2d. at 156-57. Citizen simply attacked OSRAM, then a non-threatening patentee, in the

---

[4] While Citizen did not raise OSRAM's May 2, 2005 press release about the suit to try to support its claim to jurisdiction in its original suit, it could have done so.

most extreme way possible – by filing a lawsuit – without any legal justification. OSRAM had not threatened Citizen with suit for infringement of its U.S. patents at that time, and OSRAM still has not threatened Citizen with suit for infringement of its U.S. patents. Instead, in response to Citizen's hauling OSRAM into court in the United States, OSRAM sued Citizen in Germany.

Citizen cannot now base jurisdiction on the response (in a foreign country) that Citizen provoked by suing OSRAM when it had no basis to do so. This would be inconsistent with the purpose of the Declaratory Judgment Act, which is to protect truly threatened parties, not to aid those such as Citizen who instigate a fight a with non-threatening patentee. *See Shell Oil*, 970 F.2d at 889 ("The Declaratory Judgment Act was intended to protect threatened parties, not to drag a non-threatening patentee into court."). As in *Shell Oil*, if Citizen had never approached OSRAM, OSRAM may have never taken any threatening action against Citizen. *See id.* Citizen cannot provoke a response by filing a surprise suit against OSRAM and then rely on that provoked response – here one involving foreign patents in a foreign country – to support jurisdiction. *See id.* Citizen's reasoning amounts to circular logic because it would permit Citizen to create the threat needed to justify bringing suit by first suing OSRAM without any justification because there was no threat in the first place.

C. **Even If Jurisdiction Could Exist On The Facts Here, Declining Jurisdiction Would Be Consistent With The Purpose Of The Declaratory Judgment Act And Discourage Baseless Suits**

This Court has very wide latitude to decide whether to accept jurisdiction over Citizen's declaratory judgment action. *EMC*, 89 F.3d at 813 ("The Supreme Court recently reaffirmed that the Declaratory Judgment Act thereby accords district courts a 'unique breadth of ... discretion to decline to enter a declaratory judgment.'") (affirming a district court's decision not to exercise jurisdiction). Even if jurisdiction could exist on the facts here, this Court should exercise its broad discretion to decline to exercise jurisdiction.

12

Allowing this suit to proceed would reward Citizen's filing suit without any basis for jurisdiction, merely to provoke a response to try to support jurisdiction. Other potential infringers who want to litigate a patentee's rights, but are not being threatened by them, will also be encouraged to use this stratagem. Filing a baseless suit in hope of provoking a response to support a second suit would become part of the litigator's toolbox. The result would be encouragement of baseless litigation and an invitation to potential infringers to instigate fights with non-threatening patentees.

This would make a mockery of the Declaratory Judgment Act. The Act exists to protect a truly threatened party, not to force a truly non-threatening party into court because it responded to declaratory judgment plaintiff who instigated a fight. *See Shell Oil*, 970 F.2d at 889. The Federal Circuit has often explained the purpose behind the Declaratory Judgment Act by using an analogy to Greek mythology, pointing out that it is intended to protect those who would otherwise be helpless against a sword bearer who threatens to strike but keeps his sword in its sheath. *See, e.g., EMC*, 89 F.3d at 814 ("[T]his court described the type of situation the Declaratory Judgment Act was intended to address: '[A] patent owner engages in a danse macabre, brandishing a Damoclean threat with a sheathed sword....'"). By contrast, here Citizen, the potential infringer, brandished its sword against OSRAM, the patent owner, and struck the first blow. The Declaratory Judgment Act is not intended to benefit potential infringers such as Citizen who strike by surprise and then solicit the court's jurisdiction.

Furthermore, Citizen's other conduct shows that this suit plainly is not about any real threat that Citizen perceives from OSRAM's patents and is motivated to have resolved. Citizen emphasizes OSRAM's German suit in its Complaint to try to support jurisdiction, but, at the time Citizen filed its current declaratory judgment action, it had not even been served with OSRAM's

German complaint. In response to Citizen's request that OSRAM waive service of Citizen's U.S. complaint, OSRAM counter proposed that Citizen also waive service of the German complaint. Citizen rejected this proposal and proceeded to serve its U.S. complaint. (*See* Ex. 3.) Citizen is clearly wants to have its U.S. suit go forward because it believes this will pressure OSRAM to settle, but Citizen's refusal of mutual waiver of service demonstrates that it does not want to expedite proceedings in both cases to reach an ultimate resolution.

Citizen's most recent conduct reinforces that this suit amounts to mere gamesmanship. When Citizen asked if OSRAM would be willing to talk about settlement, OSRAM responded that it would be willing to do so, and the parties filed a stipulation to put litigation on hold for a month. (*See* Ex. 4.) However, Citizen never met with OSRAM to engage in any substantive licensing discussions. (*See* Sanders Decl. ¶ 7.) Citizen apparently believes (and it is mistaken) that this suit will pressure OSRAM to cave in, but Citizen shows no desire to expedite serious settlement discussions or a judicial resolution. Citizen just wants to keep OSRAM "under threat," which is entirely contrary to the purpose behind the Declaratory Judgment Act.

## VI. CONCLUSION

Nothing has changed since the dismissal of Citizen's original suit for lack of subject matter jurisdiction. For the foregoing reasons, OSRAM respectfully requests that the Court similarly dismiss this case for lack of subject matter jurisdiction.

Dated: October 24, 2005

FISH & RICHARDSON P.C.

By: _____
Christian A. Chu (Bar No. 483948)
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Alan D. Smith
Charles H. Sanders
Fish & Richardson P.C.
225 Franklin St.
Boston, MA 02110
(617) 542-5070

Attorney for Defendants
**OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH**

21193054.doc