**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITIZEN ELECTRONICS COMPANY, LTD.** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**OSRAM GMBH** )<br>)<br>**and** )<br>)<br>**OSRAM OPTO SEMICONDUCTORS GMBH** )<br>)<br>**Defendants.** )<br>) | **Case Number  1:05CV01560 (ESH)** |

**CITIZEN ELECTRONICS COMPANY, LTD.'S MOTION FOR LEAVE TO FILE
SURREPLY REGARDING DEFENDANTS' MOTION TO DISMISS,
AND IN THE ALTERNATIVE, FOR A MOTION TO STRIKE**

Plaintiff Citizen Electronics Company, Ltd. ("CE") respectfully requests leave to file a short surreply attached as Exhibit A hereto.  In the alternative, CE requests the Court to strike the two arguments in Defendants' reply brief discussed below.

In support of this motion, CE calls the Court's attention to two new arguments raised for the first time in Defendants' (collectively "OSRAM's") reply brief.  Not only are OSRAM's arguments raised in the reply for the first time, but these arguments significantly misrepresent the evidence allegedly supporting them, and are contrary to OSRAM's previous positions.

In the second paragraph on page 13 of the reply, OSRAM states: "Despite suing OSRAM twice in the U.S., OSRAM has shown no intention to sue Citizen in the U.S. and wrote Citizen that it should stop trying to create a U.S. legal issue."  In support of

this proposition, OSRAM cites to Exhibit 1 from the Declaration of Charles Sanders, which is a letter dated November 3, 2005, written by OSRAM to CE.  By writing its own letter and referring to it only in its reply brief, OSRAM has, in effect, manufactured its own "evidence" and arranged so that only OSRAM can comment on it.  Furthermore, OSRAM has misrepresented the content of its manufactured "evidence."  Given the entirely new and misleading nature of OSRAM's argument regarding Exhibit 1, CE, in fairness, requests an opportunity to briefly respond to that argument with the attached surreply.

On pages 1, and 5-6 of its reply, OSRAM makes an additional new argument that the service of its German complaint in Japan is not a "significant change in the controlling facts."  Not only is this a new argument, it is <u>contrary</u> to the position taken by OSRAM in moving to dismiss the present suit.

CE therefore seeks leave to file the attached surreply.  Otherwise, CE would have no opportunity to respond to OSRAM's new and contradictory arguments.  The "district court routinely grants such motions [for leave to file a surreply] when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)[1]  In the alternative, CE moves to strike OSRAM's new arguments.  *Flynn v. Veazy Construction Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) ("If the movant raises arguments for the first time in his

---

[1] *See also Natural Res. Def. Council, Inc. v. Envtl. Prot. Agency*, 25 F.3d 1063, 1072 n.4 (D.C. Cir. 1994); *Pa. Elec. Co. v. Fed. Energy Regulatory Comm'n*, 11 F.3d 207, 209 (D.C. Cir. 1993); *see also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent); *Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging").

reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply.")

Accordingly, for the reasons cited above, CE requests leave to file the attached surreply. Alternatively, CE requests the Court to strike OSRAM's above-identified arguments.

Pursuant to Local Rule 7(m), counsel for CE discussed this motion with Counsel for OSRAM. Counsel for OSRAM stated it opposed this motion, and reserved the right to file a written opposition after reviewing the motion.

Respectfully submitted,

Dated: November 30, 2005        OBLON, SPIVAK, McCLELLAND,
                                MAIER & NEUSTADT, P.C.


Robert C. Nissen, Esq. (Bar No. 455,576)
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

Attorneys for Plaintiff

CITIZEN ELECTRONICS COMPANY, LTD.

L:\LIT\CLIENT\CITIZEN\PLEADINGS\MOTION FOR SURREPLY RE MOT TO DISMISS 30NOV05.DOC