IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZEN ELECTRONICS COMPANY, LTD.** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**OSRAM GMBH** )<br>)<br>and )<br>)<br>**OSRAM OPTO SEMICONDUCTORS GMBH** )<br>)<br>**Defendants.** )<br>) | Case Number 1:05CV01560 (ESH) |

**CITIZEN ELECTRONICS COMPANY, LTD.'S SURREPLY REGARDING
DEFENDANTS' MOTION TO DISMISS**

Plaintiff Citizen Electronics Company, Ltd. ("CE") responds to two new arguments and new evidence raised for the first time in Defendants' (collectively "OSRAM's") reply brief. Not only are these arguments raised in the reply for the first time, but these arguments significantly misrepresent the evidence allegedly supporting them, and are contrary to OSRAM's previous positions.

As to the first new argument, OSRAM's reply (at p. 13, ¶2), states: "Despite suing OSRAM twice in the U.S., OSRAM has shown no intention to sue Citizen in the U.S. and wrote Citizen that it should stop trying to create a U.S. legal issue." In support, OSRAM cites a new document, namely Exhibit 1 from the Declaration of Charles Sanders. This document is a letter from OSRAM to CE dated November 3, 2005, that contains absolutely no language informing "Citizen that it should stop trying to create a

U.S. legal issue." Nor does it announce any specific intention not to sue CE in the U.S. Instead, it is a letter that simply demonstrates that OSRAM is willing to have discussions for *settlement*. Nowhere does the letter contain the representations purported in OSRAM's reply. This first new issue and new argument from OSRAM's reply merely points to a letter *prepared by OSRAM after suit was filed and after OSRAM moved to dismiss*. OSRAM's reply alleges that the letter says something it clearly does not say. *If OSRAM had no intention to sue CE in the U.S., OSRAM could have provided a covenant not to sue*.

OSRAM's second new argument actually contradicts the position taken by OSRAM in moving to dismiss this present action. OSRAM's reply (at pp. 1, and 5-6) makes the additional new argument that the service of its German complaint in Japan is not a "significant change in the controlling facts." This argument is contrary to the position in OSRAM's opening brief, which states (at pp. 13-14):

> Furthermore, Citizen's other conduct shows that this suit plainly is not about any real threat that Citizen perceives from OSRAM's patents and is motivated to have resolved. Citizen emphasizes OSRAM's German suit in its Complaint to try to support jurisdiction, *but at the time Citizen filed its current declaratory judgment action, it had not even been served with OSRAM's German complaint.*

OSRAM's new position is refuted by OSRAM's opening brief, which recognized that the completed service of OSRAM's German complaint in Japan indeed is a significant fact demonstrating the imminence of OSRAM's threat, both in Germany and the United States, given that the same products and same technology are involved in both countries, and given that the U.S. and German patents originated from the same applications. The continued pursuit of the German action and completion of service is

also particularly significant given the fact that: (1) OSRAM had also previously threatened CE with respect to OSRAM's U.S. patents, (2) CE's first declaratory judgment action was dismissed primarily due to lack of immediacy of OSRAM's threats at the time the first action was filed, and (3) subsequent to the filing of CE's first declaratory judgment action, OSRAM filed suit against CE in Germany, threatened CE's German distributor, and publicly announced OSRAM's intention to enforce its patents against CE.  OSRAM's continued pursuit of this course was evidenced by OSRAM's serving CE with the German complaint – even after CE's previous suit was dismissed.  OSRAM had enough opportunities (even after the dismissal of CE's first suit) to withdraw its German suit.  However, it did not, which only supports that it still had a strong intention to proceed with the German lawsuit at the time when the service was completed.  Therefore, the service in itself should be considered a significant change of events and not just a simple aftermath or continuation of the German lawsuit's filing.  As recognized in OSRAM's opening brief, and contrary to the new position of its reply, OSRAM's quite recent service of the German suit is significant particularly in view of the importance of the immediacy of OSRAM's threats.

      Accordingly, based on the facts cited in CE's First Amended Complaint filed November 11, 2005, and for the reasons stated in CE's opposition and surreply, CE respectfully requests this Court to deny OSRAM's motion to dismiss.

                                        Respectfully submitted,

Dated:  November 30, 2005      OBLON, SPIVAK, McCLELLAND,
                                        MAIER & NEUSTADT, P.C.

                                        _____
                                        Robert C. Nissen, Esq. (Bar No. 455,576)
                                        1940 Duke Street
                                        Alexandria, VA 22314
                                        (703) 413-3000

                                        Attorneys for Plaintiff

                                        CITIZEN ELECTRONICS COMPANY, LTD.

L:\LIT\CLIENT\CITIZEN\PLEADINGS\SURREPLY RE MOT TO DISMISS 30NOV05.DOC