IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZEN ELECTRONICS COMPANY, LTD.,

    Plaintiff,

  v.

OSRAM GMBH

and

OSRAM OPTO SEMICONDUCTORS GMBH,

    Defendants.

Civil Action No. 1:05-cv-01560-ESH

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY REGARDING OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH's MOTION TO DISMISS AND RESPONSE

Defendants OSRAM GmbH and OSRAM Opto Semiconductors GmbH (collectively "OSRAM") hereby oppose plaintiff Citizen Electronics Co., Ltd's ("Citizen's") Motion for Leave to File Surreply and respond to the Surreply.

Citizen contends that this Court should grant it leave to file its Surreply on the basis that OSRAM made two "new" arguments in its Reply[1] and that these arguments "significantly misrepresent the evidence allegedly supporting them" and are "contrary to OSRAM's previous positions." Surreply at 1.[2]  Citizen's contentions are baseless.  OSRAM did not raise "new" arguments in its Reply, OSRAM properly represented the record, and OSRAM's arguments in its Reply are entirely consistent with its arguments in its Opening Brief.[3]

---

[1] "Reply" refers to the Reply to Plaintiff's Opposition to OSRAM GmbH and OSRAM Opto Semiconductors GmbH's Motion to Dismiss.
[2] "Surreply" refers to Citizen Electronics Company, Ltd.'s Surreply Regarding Defendants' Motion to Dismiss.
[3] "Opening Brief" refers to the Memorandum in Support of OSRAM GmbH and OSRAM Opto Semiconductor GmbH's Motion to Dismiss.

The first argument Citizen contends is new is OSRAM's argument that it has shown no intention to sue Citizen in the United States:

> As to the first new argument, OSRAM's reply (at p. 13, ¶ 2), states: "Despite suing OSRAM twice in the U.S., OSRAM has shown no intention to sue Citizen in the U.S. and wrote Citizen that it should stop trying to create a U.S. legal issue."

Surreply at 1. This argument is not new. OSRAM plainly argued in its Opening Brief that it has shown no intention to sue Citizen in the U.S.: "OSRAM had not threatened Citizen with suit for infringement of its U.S. patents at [the time Citizen filed its first suit], and OSRAM still has not threatened Citizen with suit for infringement of its U.S. patents." Opening Brief at 12.

The only new aspect in OSRAM's Reply is its reference to a November 3, 2005 letter from OSRAM to Citizen as evidence supporting its argument. OSRAM could not have cited this November 3 letter in its Opening Brief because it was written afterwards, in response to Citizen's overtures about settlement after OSRAM filed its Opening Brief on October 24. If Citizen had wanted to address this November 3 letter, however, it could have done so in its Opposition,[4] which it filed on November 10. Citizen's argument that OSRAM "arranged [the letter and its timing] so that only OSRAM can comment on it" is incorrect. Motion for Surreply at 2.[5] Citizen also accuses that "OSRAM has, in effect, manufactured its own 'evidence,'" but this accusation merely distracts from the issue at hand. *Id.*

The issue here is whether OSRAM has given Citizen an objectively reasonable apprehension of imminent suit in the United States on its U.S. patents. This turns on OSRAM's conduct. *See, e.g., Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir.

---

[4] "Opposition" or "Opp." refers to plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss.
[5] "Motion for Surreply" refers to Citizen Electronics Company, Ltd.'s Motion for Leave to File Surreply Regarding Defendants' Motion to Dismiss, and in the Alternative, For a Motion to Strike.

2

1985) ("the actual controversy requirement is satisfied when [*inter alia*,] a defendant's conduct has 'created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question'"). If, after filing its Opening Brief, OSRAM had written a letter to Citizen threatening suit in the U.S. (which it did not), Citizen surely would have cited it in its Opposition. OSRAM is similarly entitled to point to the most recent evidence showing that it has still not made any threat toward Citizen. While Citizen throws accusations at OSRAM, it offers no evidence to contradict OSRAM's point that OSRAM was not threatening Citizen with suit on its U.S. patents when Citizen filed its first suit and that now, eleven months later, OSRAM still has not made any such threat.

After accusing OSRAM of "manufactur[ing] its own 'evidence,'" Citizen – apparently without seeing any inconsistency – then contends that OSRAM had to misrepresent this evidence to support its position. Motion for Surreply at 2. Citizen claims, "OSRAM's reply alleges that the letter says something it clearly does not say." Surreply at 2. The letter states in relevant part:

> Regarding your mentioned confusing message thru our US counsel I can only say that our US counsel never made such statement and **I continue to believe that there is no reason why US law and US counsels on either side should be involved at all.** … Just for your information I attach a copy of a news magazine which properly describes the unfortunate history of litigation between OSRAM and CITIZEN **which was triggered by CITIZEN's decision to start a law suit against us in the US.**

Ex. 1 to the Declaration of Charles H. Sanders in Support of Defendants' Reply at 1 (emphasis added). The letter clearly states that Citizen started the fight in the U.S. and that OSRAM sees no reason why U.S. law or U.S. lawyers should be involved, i.e., that Citizen should stop trying to create a U.S. legal issue. *See id.* Citizen emphasizes that OSRAM could have provided a covenant not to sue, *see* Surreply at 2, but the burden is on Citizen to show that OSRAM's conduct gave Citizen an objectively reasonable apprehension of imminent suit in the U.S. on

OSRAM's U.S. patents. *See Indium*, 781 F.2d at 883. Citizen cannot manufacture jurisdiction by repeatedly suing OSRAM and pointing to the fact that OSRAM has not responded by giving Citizen a free pass for all time to exploit OSRAM's valuable patent rights.

The second argument Citizen contends is new is OSRAM's argument that the completion of service of OSRAM's German complaint on Citizen in Japan is not a significant change in controlling facts. *See* Surreply at 2. It is true that this argument appears for the first time in OSRAM's Reply, but that is because ***it is a response to an issue that Citizen raised for the first time in its Opposition***. Opp. at pg. 8, 23. Citizen filed this suit on August 2, 2005, but OSRAM's German complaint was not served until September 28, 2005, so of course this fact was not in Citizen's August 2 complaint. OSRAM's Original Brief could only address this original complaint, and therefore service of the German complaint was not at issue.

When Citizen filed its Opposition on November 10, 2005, Citizen also simultaneously filed an amended complaint alleging completion of service of OSRAM's German complaint as an additional fact supporting jurisdiction. *See* Opp. at 8. Citizen relied heavily on this fact in responding to OSRAM's position that *res judicata* bars Citizen from re-litigating jurisdiction, contending that the completion of service mooted OSRAM's argument. *See* Opp. at 23. In its Reply, OSRAM responded that the completion of service of the German complaint did not amount to a significant change in the controlling facts, which Citizen admitted was required to avoid *res judicata*. *See* Reply at 5-6; Opp. at 13. OSRAM's Reply thus squarely responded to Citizen's Opposition, and, since Citizen raised the issue by amending its complaint simultaneously with its Opposition, OSRAM could not possibly have made the argument in its Opening Brief. If Citizen had wanted OSRAM to address the amended complaint in its Opening

4

Brief, Citizen should have filed it before OSRAM's Opening Brief was due so that OSRAM could have done so.

Citizen contends that OSRAM has contradicted itself in arguing that the completion of service of the German complaint is not a significant change in controlling facts:

> OSRAM's new position is refuted by OSRAM's opening brief, which recognized that the completed service of OSRAM's German complaint in Japan indeed is a significant fact demonstrating the imminence of OSRAM's threat, both in Germany and the United States ….

Surreply at 2. Citizen's baseless contention merely highlights its desperation. Nowhere in OSRAM's Opening Brief did OSRAM state that the completion of service was a significant change in facts – or an insignificant change in facts – because Citizen had not yet alleged that this fact supports jurisdiction. The statements Citizen quotes from OSRAM's Opening Brief in its Surreply do not discuss the significance of this fact at all. *See* Surreply at 2. In those statements, OSRAM was simply making clear that service had not even occurred at the time Citizen re-filed suit, setting up OSRAM's argument about Citizen's gamesmanship in refusing to agree to a mutual waiver of service. *See* Opening brief at 13-14. OSRAM was not addressing the significance, or more accurately the lack of significance, of service as a basis for jurisdiction. Thus, Citizen's second allegation is without merit.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Citizen's motion for leave to file a surreply.  However, if this Court accepts Citizen's Surreply, OSRAM alternatively requests that this Court also accept this Opposition so that OSRAM's responses to the litany of unsupported allegations that constitute Citizen's Surreply will also be of record.

Dated:  December 5, 2005                     FISH & RICHARDSON P.C.

By:  */s/ Christian A. Chu*
Christian A. Chu
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005

Alan D. Smith
Charles H. Sanders
Fish & Richardson P.C.
225 Franklin St.
Boston, MA 02110
(617) 542-5070

Attorneys for Defendants
**OSRAM GmbH AND OSRAM OPTO SEMICONDUCTORS GmbH**

21219683.doc