NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1211 - 2                        *05cv1560*

CITIZEN ELECTRONICS COMPANY, LTD.,

Plaintiff-Appellant,

**FILED**

v.

APR 2 2 2007

OSRAM GMBH and
OSRAM OPTO SEMICONDUCTORS GMBH,

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendants-Appellees.

Steven P. Weihrouch, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., of Alexandria, Virginia, argued for plaintiff-appellant.  With him on the brief were Richard D. Kelly and Alexander E. Gasser.  Of counsel was Kenneth D. Wilcox.

Charles H. Sanders, Fish & Richardson P.C., of Boston, Massachusetts, argued for defendants-appellees.  With him on the brief were Alan D. Smith and Christopher D. Agnew.  Also on the brief was Christian A. Chu, of Washington, DC.

Appealed from:  United States District Court for the District of Columbia

Judge Ellen S. Huvelle

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1211

FILED

APR 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CITIZEN ELECTRONICS COMPANY, LTD.,

Plaintiff-Appellant,

v.

OSRAM GMBH and
OSRAM OPTO SEMICONDUCTORS GMBH,

Defendants-Appellees.

_____

DECIDED:  March 29, 2007

_____

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

MICHEL, Chief Judge.

Citizen Electronics Company, Ltd. ("CE") appeals from a final order of the United States District Court for the District of Columbia dismissing its declaratory judgment ("DJ") complaint against OSRAM GmBH and OSRAM OPTO Semiconductors GmBH (collectively, "OSRAM") for lack of subject matter jurisdiction.  Citizen Elecs. Co. v. OSRAM GmBH, No. 05-1560 (D.D.C. Dec. 20, 2005) ("Citizen II").  The district court held that CE's DJ complaint was barred under the doctrine of res judicata because CE had already litigated the issue of subject matter jurisdiction in Citizen Electronics Co. v.

OSRAM GmBH, 377 F. Supp. 2d 149 (D.D.C. 2005) ("Citizen I"). Because the district court correctly determined that it lacked subject matter jurisdiction over CE's DJ complaint, we affirm.

## INTRODUCTION

CE and OSRAM are competitors in the field of white light emitting diode ("white LED") technology. OSRAM is the owner or assignee of U.S. Patent Nos. 6,066,861, 6,245,259, 6,277,301, 6,576,930, 6,592,780, 6,613,247, and 6,812,500, all directed to white LED technology. On January 18, 2005, CE filed an action against OSRAM for a declaratory judgment that its white LEDs did not infringe upon OSRAM's patents, or that the patents were invalid.

On April 27, 2005, OSRAM filed a motion to dismiss the DJ action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In its motion, OSRAM stated that "[i]n response to Citizen's provoking a fight by filing this surprise declaratory judgment action, OSRAM has taken action to protect its patent rights in Europe." Specifically, on March 14, 2005, OSRAM filed a patent infringement case against CE in Germany on related foreign patents directed to white LED technology. On July 14, 2005, the district court ruled in favor of OSRAM, dismissing CE's DJ action. Citizen I, 377 F. Supp. 2d at 157. The district court held that CE failed to prove that there was an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), on January 18, 2005, the time the suit was filed. While noting that OSRAM had filed suit in Germany against CE, the district court nonetheless found it to be irrelevant since this event occurred after the filing of CE's complaint. Citizen I, 377 F. Supp. 2d at 155 n.7. CE did not appeal the district court's decision.

On August 2, 2005, CE filed a second DJ action against OSRAM.[1] To support its allegation of an "actual controversy," CE reiterated the events allegedly leading to an "actual controversy" in its first complaint and listed the following "new" facts for consideration by the district court: (1) that on May 2, 2005, OSRAM issued a report on its website describing the action against CE in Germany; and (2) also on May 2, 2005, OSRAM issued a press release mentioning action taken by OSRAM in the International Trade Commission pursuant to Section 337 of the Tariff Act of 1940 seeking to exclude from entry into the U.S. certain white LEDs manufactured, imported, or sold by another company, Dominant Semiconductors, and stating, "Our objective in taking legal action against Citizen and issuing warnings to Dominant is to prevent unauthorized use of our technology."

In response to the second DJ complaint, OSRAM again filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the new facts in the second complaint were barred from consideration by the district court under the principles of res judicata. CE filed an amended complaint on November 11, 2005, adding the fact that OSRAM's German complaint was formally served on CE under the Hague Convention on September 28, 2005.

On December 20, 2005, the district court ruled in favor of OSRAM and dismissed CE's second DJ action. In its opinion, the district court first acknowledged that the case presented a "novel issue of whether jurisdictional facts that occurred after plaintiff filed its first suit but prior to the Court's dismissal of that suit may be relied on in a second suit to cure the jurisdictional defect." Citizen II, slip op. at 3. Relying on the decisions

---

[1]     CE's second DJ action did not include U.S. Patent No. 6,812,500.

made by the Court of Appeals for the District of Columbia Circuit in <u>Dozier v. Ford Motor</u> <u>Co.</u>, 702 F.2d 1189, 1191 (D.C. Cir. 1983) and <u>GAF Corp. v. United States</u>, 818 F.2d 901, 912-13 (D.C. Cir. 1987), the district court held that CE was estopped under the doctrine of res judicata from relying on events prior to July 14, 2005—the dismissal date of CE's first DJ action—as evidence of an "actual controversy."  Since the district court refused to consider any facts known prior to its dismissal of the first DJ action, the only event that it considered with regard to the second DJ action was service of process, which the court found to be insufficient to cure the jurisdictional defect.  <u>Citizen II</u>, slip op. at 8.

This appeal followed.  This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

We review a district court's application of res judicata de novo, <u>Shell Petroleum,</u> <u>Inc. v. United States</u>, 319 F.3d 1334, 1338 (Fed. Cir. 2003), but apply the law of the pertinent regional circuit.  <u>Epic Metals Corp. v. H.H. Robertson Co.</u>, 870 F.2d 1574, 1576 (Fed. Cir. 1989).

It is well settled that the principles of res judicata[2] apply to questions of jurisdiction as well as to other issues.  <u>American Sur. Co. v. Baldwin</u>, 287 U.S. 156, 166 (1932); <u>see also</u> <u>Underwriters Nat'l Assurance Co. v. N. C. Life & Accident & Health Ins.</u> <u>Guar. Ass'n</u>, 455 U.S. 691, 706 (1982).  In the District of Columbia Circuit, a prior dismissal for lack of subject matter jurisdiction precludes relitigation of the same

---

[2]    The parties agree that res judicata is an umbrella term covering two types of preclusive effects of judgments: claim preclusion and issue preclusion.  The type of res judicata invoked by the district court here is issue preclusion.

jurisdictional issue in a later suit, unless the doctrine of "curable pleading defects" applies.  Dozier, 702 F.2d at 1191.  "The 'curable defect' exception applies where a 'precondition requisite' to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit—for example, the Government's filing of an affidavit of good cause in a denaturalization proceeding, proper service of process, or residency adequate to invoke diversity jurisdiction."  Id. at 1192 (internal citations omitted).  Here, CE alleges that the events subsequent to its January 18, 2005 filing date, i.e., OSRAM's filing of a patent infringement suit against CE in Germany on March 14, 2005, OSRAM's website report and press release of May 2, 2005, and service of process on September 28, 2005, cure any jurisdictional defect that CE may have had in its first DJ action.  In contrast, OSRAM argues that CE is estopped from relying in the second DJ complaint on events that occurred before dismissal of CE's first DJ action on July 14, 2005 as supporting an allegation of an "actual controversy."

Although CE contends on appeal that Federal Circuit law applies, its argument on this point is precluded by its agreement below that D.C. Circuit law applies.  Under D.C. Circuit law, the "curable defect" doctrine is limited to events that occur after the original dismissal for lack of jurisdiction, here July 14, 2005.  Id. at 1192 n.4.  As the district court correctly observed, Dozier explicitly holds that "a plaintiff cannot relitigate a jurisdictional dismissal by relying upon those facts that existed at the time of the first dismissal."  Citizen II, slip op. at 6 (citing Dozier, 702 F.2d at 1192 n.4).  Here, the German suit of March 14, 2005 and OSRAM's statements of May 2, 2005 existed at the time of dismissal of CE's first DJ action.  Therefore, CE is estopped from relying on these events as supporting an "actual controversy" in its August 2, 2005, second DJ

complaint.

CE points to <u>GAF Corp.</u>, 818 F.2d at 912-13, as evidence that later D.C. Circuit decisions undermine the holding of <u>Dozier</u>. However, the D.C. Circuit explicitly stated in <u>GAF Corp.</u>, "A claim of jurisdiction is not precluded if, however, in the interim <u>subsequent to the initial dismissal</u> there are developments tending to 'cure' the jurisdictional deficiency identified in the first suit." <u>GAF Corp.</u>, 818 F.2d at 912-13 (emphasis added). Thus, CE's argument must fail.

Finally, CE argues that D.C. Circuit law conflicts with Federal Circuit standards for DJ actions purportedly espoused in <u>Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.</u>, 846 F.2d 731, 734 (Fed. Cir. 1988) and <u>GAF Building Materials Corp. v. Elk Corp. of Dallas</u>, 90 F.3d 479, 483 (Fed. Cir. 1996). Specifically, CE asserts that our decisions in these cases would have precluded CE from filing an amended complaint prior to the district court's first dismissal on July 14, 2005. We decline to read these cases as creating a conflict with D.C. Circuit law or even relevant here, as neither <u>GAF Building Materials</u> nor <u>Arrowhead</u> are directed to issue preclusion or res judicata in general. Assuming they were relevant, to the extent that a conflict may exist our precedent clearly requires us to follow D.C. Circuit law, not Federal Circuit law.

Since CE was estopped from relying on the events of March 14, 2005 and May 2, 2005, the district court did not err in holding that service of process did not cure its lack of subject matter jurisdiction over CE's DJ action.

U.S. DISTRICT COURT
NANCY MAYER WHITTINGTON, CLERK

APR 2 3 2007

RECEIVED

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 4/19/07